FILED

DEC 2 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAMSUDDIN DOST,<br><br>Defendant. | CASE NO. CR 16-00403 JD<br><br>[PROPOSED] ORDER OF DETENTION |

Defendant Shamsuddin Dost has been charged in an Indictment with conspiracy to distribute heroin for unlawful importation in violation of 21 U.S.C. § 963 and distribution of heroin for unlawful importation in violation of 21 U.S.C. § 959. The defendant made an initial appearance on November 21, 2016, and on November 30, 2016, the matter came before the Court for a detention hearing. The defendant was present and represented by appointed counsel Erik Babcock.

Pretrial Services submitted a report that recommended detention, and a representative of Pretrial Services was present at the hearing. The government moved for detention, and the defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing. In addition, the government submitted a written memorandum in support of the detention motion. (Dkt No. 17.)

1  Upon consideration of the facts, proffers and arguments presented at the hearing and in the
2  government's written motion, and for the reasons stated on the record, the Court finds by ~~clear and~~ a preponderance
3  ~~convincing~~ of the evidence that the Defendant presents a serious risk of flight and ~~no condition or combination of conditions will reasonably assure the~~ his
4  appearance ~~of the defendant.~~ Accordingly, the defendant is ordered detained pending trial.

5  This order supplements the Court's findings and order at the detention hearing and serves as
6  written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on
7  the record, the Court makes the following findings as a basis for its conclusion that no condition or
8  combination of conditions will reasonably assure the appearance of the defendant. The defendant is a
9  citizen of Afghanistan, a country that has no extradition treaty with the United States, and immigrated to
10  the United States only two years ago. The government proffered that the defendant made statements to
11  an undercover officer that no one would be able to cheat them in a proposed heroin transaction in
12  Afghanistan due to the defendant's connections there, including what he described as his powerful
13  family. In addition, the defendant has ties to Pakistan, where he states that he was raised. Neither the
14  defendant nor his family is able or willing to post money or property to secure a bond. These facts
15  demonstrate that no conditions or combination of conditions will reasonably assure defendant's
16  appearance at further proceedings in this case.

17  Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
18  1. Defendant Shamsuddin Dost be, and hereby is, committed to the custody of the Attorney
19  General for confinement in a corrections facility separate, to the extent practicable, from persons
20  awaiting or serving sentences or being held in custody pending appeal.
21  2. Defendant be afforded reasonable opportunity for private consultation with counsel; and
22  3. On order of a court of the United States or on request of an attorney for the government,
23  the person in charge of the corrections facility in which the defendant is confined shall deliver defendant
24  to an authorized United States marshal for the purpose of any appearance in connection with a court
25  //
26  //
27  //
28  //

DETENTION ORDER
Case No. CR 16-00403 JD            2

proceeding.

IT SO ORDERED.

DATED: Dec. 2, 2016

HON. DONNA M. RYU
United States Magistrate Judge